**PHILADELPHIA MOVING PICTURE MACHINE OPERATORS' UNION, LOCAL NO. 307, I. A. T. S. E., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 16119.

United States Court of Appeals
Third Circuit.

Argued May 2, 1967.

Decided Aug. 1, 1967.

James J. Leyden, Philadelphia, Pa. (Herbert G. Keene, Jr., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for petitioner.

Warren M. Davison, Atty., N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Linda R. Sher, Atty., N.L.R.B., on the brief), for respondent.

Before McLAUGHLIN, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

In this case the National Labor Relations Board has found that Philadelphia Motion Picture Machine Operators' Union, Local No. 307, I.A.T.S.E., has violated section 8(b) (1) (A) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(b) (1) (A), by expelling Velio Iacobucci from union membership because he had caused another operator, who was not a union member, to file with the Board an unfair labor practice charge against the union. The union has asked us to review and set aside that decision and the Board has asked that we enforce its corrective order.

Within the union four specific charges were brought against Iacobucci. The first three admittedly stated grounds justifying expulsion from membership. The fourth charge was that Iacobucci had caused one Philip Cusat, a non-union operator, to file an unfair labor practice charge with the Board alleging unlawful union conduct. A local trial committee found Iacobucci guilty of all four charges and recommended to the membership that he be expelled. The membership voted to expel him as recommended. Iacobucci then initiated the present unfair labor practice proceeding.

The trial examiner, whose rulings were adopted by the Board, concluded that the union had violated section 8(b) (1) (A) in that it had interfered with an employee's "guaranteed right to invoke the Board's processes in order to determine whether * * * [the union] was engaged in violations of the Act", citing Local 138, International Union of Operating Engineers and Charles S. Skura, 1964, 148 N.L.R.B. 679 and Roberts v. NLRB, 1965, 121 U.S.App.D.C. 297, 350 F.2d 427. The Board ordered the union to cease and desist from such practices and to reinstate Iacobucci.

As briefed and argued, this case presents the question whether a union commits an unfair labor practice when it discharges a member on the basis of four charges, three of which are valid grounds for expulsion and the fourth an improper ground under the Act. But, as the union points out, there is also before us the question whether expulsion upon the fourth ground alone would violate the Act.

We first consider the causative relation between the fourth charge and Iacobucci's expulsion. The union points out that, after Iacobucci had complained to the Board, the union's local trial com-

mittee formally asserted that "even if this [fourth] charge had not been filed, the Report and Recommendation of the Trial Committee would have been the same". But whatever significance this after-the-event self-serving declaration may have as an indication of the thinking which underlay the committee's recommendation, it affords no justification for assuming that the membership viewed and treated the fourth charge as surplusage. The membership voted expulsion pursuant to a recommendation which set out four specifications of misconduct. Nothing was done to indicate that this action was based upon any specification more or less than upon any other. Accordingly, the Board properly concluded and ruled that Iacobucci's expulsion was motivated and caused in part by the fourth specification. Certainly, the record would not support a finding that the membership would have reached the same conclusion in the absence of the fourth specification.

■ In other cases it has been held that an employer commits an unfair labor practice when he dismisses an employee partly on valid grounds and partly for a cause unlawful under the Act. NLRB v. Barberton Plastics Products, Inc., 6th Cir., 1965, 354 F.2d 66; NLRB v. Great Eastern Color Lithographic Corp., 2d Cir., 1962, 309 F.2d 352, cert. denied 373 U.S. 950, 83 S.Ct. 1680, 10 L.Ed.2d 705. By parity of reasoning, the same rule should and does apply to union action in dismissing a worker from membership.

■ Our conclusion on this first point makes it necessary that we also decide the second point, whether a union violates section 8(b) (1) (A) by expelling a member for causing a non-member to file an unfair labor practice charge alleging improper union behavior. Section 8(b) (1) (A) reads in part:

"It shall be an unfair labor practice for a labor organization or its agents—

(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 7: *Provided,* That this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein * * *."

Thus, this section is applicable to union interference with the right which section 7 confers on employees "to refrain from any or all * * * [concerted] activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a) (3)".

Although section 7 makes no specific mention of the right to file unfair labor practice charges, we have recently expressed the view that section 8(b) (1) (A) protects an employee's "right to file charges * * * limited to complaints that the union has in some way interfered with the sort of activity that is described in" section 7. Industrial Union of Marine and Shipbuilding Workers of America, AFL–CIO v. NLRB, 3d Cir., 1967, 379 F.2d 702. To discipline an employee for causing another employee to file an unfair labor practice charge is one potentially effective way to discourage such filings. Moreover, while the disciplinary action sanctioned in the *Industrial Union* case merely discouraged premature complaint to the Board without first resorting to available remedies within the union, the punishment of Iacobucci had no such limited impact, but rather tended to discourage similar complaints under any circumstances.

It remains to examine the allegations of the complaint filed with the Board by Cusat in order to determine whether the facts alleged therein, if true, would constitute a deprivation of rights contained in section 7. The complaint reads in part as follows:

"Since on or about June 17, 1962, and at all times thereafter, the above-named labor organization, by its officers, agents and representatives, has performed, maintained and otherwise given effect to an arrangement, understanding or practice with motion picture exhibitors in Philadelphia, Pennsylvania, including, but not limited to Stanley Warner Corporation and A. M.

Ellis Theatre Company, requiring membership in or clearance by said labor organizations as a condition of employment of employees hired by or who performed work by said exhibitors.

"Pursuant to the arrangement, understanding or practice referred to above, the above-named labor organization, on or about December 15, 1962 refused to grant clearance to Philip Cusat, a non-member and an applicant for employment with A. M. Ellis Theatre Company."

■ On its face, this complaint alleges the use of an illegal closed shop agreement between the union and motion picture exhibitors to achieve a discriminatory denial of employment. Such conduct is one of the most familiar and clearly unlawful devices for encouraging union membership and interfering with the section 7 right of employees to refrain from engaging in concerted activities. NLRB v. Philadelphia Iron Works, 3d Cir., 1954, 211 F.2d 937; NLRB v. Gottfried Baking Co., 2d Cir., 1954, 210 F.2d 772.

■ Nor can it be maintained that the union's conduct in expelling Iacobucci is protected by the proviso to section 8 (b) (1) (A), which permits unions to promulgate rules relating to the acquisition and retention of membership. In the *Industrial Union* case we recognized "that the proviso does not enable a union to promulgate any rule it desires and hinge membership upon adherence", specifically citing as an example a union rule subjecting "a member to dismissal * * * for filing charges with the Board against the union alleging conduct which, if proved, would constitute an unfair labor practice". 379 F.2d at 702.

■■ Finally, in our view, union conduct in expelling a member for causing it to be charged with discriminatorily debarring a non-union worker from employment is not entitled to such protection as the Supreme Court accorded union discipline of a member for crossing the union's lawful picket line in NLRB v. Allis-Chalmers Mfg. Co., 1967, 388 U.S. 175, 87 S.Ct. 2001, 18 L.Ed.2d 1123. In that case the Court characterized the expulsion as "reasonable discipline of members" for strike breaking. In contrast, we think expulsion for causing an invocation of the Board procedures which Congress has provided for correcting union misconduct cannot properly be characterized as "reasonable discipline" of a union member.[1] For the enforcement of the Act is frustrated or at least impeded by such expulsion.

For these reasons we conclude that union action in expelling a member, when motivated in part, as in this case, by his action in causing the union to be charged before the Board with discriminatorily depriving a non-member of employment, violates section 8(b) (1) (A).

Accordingly, the Board's order will be enforced and the union's petition will be denied.

■

---

1. Whether this conclusion would cover a filing in bad faith, a deliberate abuse of the Board's process, we need not consider since nothing of that sort appears here. We also emphasize again that we are dealing with an unqualified discouragement of charges against the union, not a reasonable union effort to require members to resort to internal remedies before going to the Board.